NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5908 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00110-TOR-1 |
| v. | |
| MARVIN SAMSON BUTTERFLY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted September 16, 2025
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and ORRICK, District Judge.**

Marvin Butterfly appeals his convictions for (1) assault of an intimate

partner or dating partner by suffocating and attempting to suffocate in Indian

Country in violation of 18 U.S.C. §§ 113(a)(8), 1153; and (2) attempted witness

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

tampering in violation of 18 U.S.C. § 1512(b)(1), (b)(2)(A). He contends that no reasonable jury could convict him under these statutes because there was insufficient evidence to determine that Butterfly attempted to (1) "suffocate" his intimate partner or (2) "corruptly persuade" a witness to withhold testimony.

Butterfly failed to move for acquittal at the close of evidence, and so we review for plain error. *United States v. Gadson*, 763 F.3d 1189, 1218 (9th Cir. 2014). "We may overturn a conviction for plain error resulting in insufficient evidence only to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process." *United States v. Lopez*, 4 F.4th 706, 719 (9th Cir. 2021) (internal quotation marks and citation omitted). Neither situation presents itself here. We assume the parties' familiarity with the facts of this case and recite them only as necessary. We affirm.

1. The term "suffocating" is defined by the relevant statute as "intentionally, knowingly, or recklessly impeding the normal breathing of a person by covering the mouth of the person, the nose of the person, or both, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim." 18 U.S.C. § 113(b)(5). Butterfly's intimate partner testified that he covered her mouth with his hand for 3-5 minutes. She stated that she "couldn't talk or breathe out of [her] mouth" during that time. Even though she "wasn't panicked," she testified that she needed to "slow[]" her breathing

down.  Based on that testimony and viewing the evidence in the light most favorable to the prosecution, *see United States v. Tuan Ngoc Luong*, a rational trier of fact could find beyond a reasonable doubt that Butterfly attempted to suffocate an intimate partner at the least by "recklessly impeding [her] normal breathing." 965 F.3d 973, 979 (9th Cir. 2020); 18 U.S.C. § 113(b)(5).

2.  As is relevant here, 18 U.S.C. § 1512(b) provides that "[w]hoever knowingly . . . corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . (1) influence, delay, or prevent the testimony of any person in an official proceeding" or "(2) cause or induce any person to . . . withhold testimony . . . shall be fined . . . or imprisoned not more than 20 years, or both."  18 U.S.C. § 1512(b)(1), (2)(A).  We most recently clarified the meaning of "corruptly persuades" in *United States v. Doss*, 630 F.3d 1181, 1186–92 (9th Cir. 2011).  Our Court in *Doss* acknowledged the Supreme Court's guidance that the terms "corrupt" and "corruptly" are "normally associated with 'wrongful, immoral, depraved, or evil,' and, when coupled with 'knowingly' in § 1512, the government must show the defendant acted with 'consciousness of wrongdoing.'"  *Id.* at 1189 (citing to *Arthur Anderson LLP v. United States*, 544 U.S. 696, 705–06 (2005)).

It is clear that a "rational trier of fact could have found" that Butterfly demonstrated a "consciousness of wrongdoing" in his attempt to prevent his

3                                    24-5908

intimate partner from testifying. *Doss*, 630 F.3d at 1189–90 (citation omitted). Butterfly had a past history of intimate partner violence, used a false name when calling his neighbors from jail so they would be more likely to pick up, and referred to his intimate partner in thinly veiled language throughout the call. He also suggested to his neighbor that by helping Butterfly prevent his intimate partner from testifying, and therefore prevent his conviction, his neighbor would curry goodwill with Butterfly. Unlike in *Doss*, a rational jury could have found Butterfly's conduct "inherently wrong or immoral." *Id.* at 1189. A rational jury could have interpreted Butterfly's conversation with his neighbor alongside Butterfly's history of abusive conduct toward his intimate partner to conclude that Butterfly at least attempted to "knowingly . . . corruptly persuade[]" his intimate partner not to testify against him at trial. 18 U.S.C. § 1512(b)(1).

Accordingly, there was sufficient evidence for a rational jury to convict Butterfly of both challenged counts.

**AFFIRMED.**